Per Curiam.
Supreme Court of Florida Glenn Terrell, Chief Justice Tallahassee June 26, 1957
Honorable LeRoy Collins Governor of Florida Tallahassee, Florida
Dear Governor:
We.have the honor to acknowledge your letter of June 21, 1957, submitting to us under Section 13 of Article IV of the Constitution of Florida-F.S.A. a request for *414 advice relating to your executive powers and duties. Your letter reads as follows:
“Honorable Glenn Terrell, Chief Justice, and Honorable Justices of the Supreme Court of Florida
Supreme Court Building Tallahassee, Florida
“Gentlemen:
“Article VII, Section 3 of the Florida Constitution provides:
“ ‘The Legislature that shall meet in regular session A.D. 1925, and those that shall meet every ten years thereafter, shall apportion the Representation in the Senate, and shall provide for thirty-eight (38) Senatorial Districts, such Districts to be as nearly equal in population as practicable, but no county shall be divided in making such apportionment, and each district shall have one Senator; and, at the same time, the Legislature shall also apportion the Representation in the House of Representatives, and shall allow three (3) Representatives to each of the five most populous counties, and two (2) Representatives to each of the next eighteen more populous counties, and one Representative to each of the remaining counties of the State at the time of such apportionment. Should the Legislature fail to apportion the Representation in the Senate and in the House of Representatives, at any regular session of the Legislature at any of the times herein designated, it shall be the duty of the Legislature or Legislatures succeeding such regular session of the Legislature, either in special or regular session, to apportion the Representation in the Senate and in the House of Representatives as herein provided. The preceding regular Federal or regular State census, which ever shall have been taken nearest any apportionment of Representatives in the Senate and in the House of Representatives, shall control in making any such apportionment. In the event the Legislature shall fail to reapportion the representation in the Legislature as required by this amendment, the Governor shall (within thirty days after the adjournment of the regular session), call the Legislature together in extraordinary session to consider the question of reapportionment and such extraordinary session of the Legislature is hereby mandatorily required to reapportion the representation as required by this amendment before its adjournment (and such extraordinary session so called for reapportionment shall not be limited to expire at the end of twenty days or at all, until reapportionment is effected, and shall consider no business other than such reapportionment) .’
“During the regular biennial session of 1955, convened pursuant to Section 2 of Article III of the Constitution, the Florida Legislature failed to reapportion the representation in the Legislature in accordance with the provisions of the first sentence of Section 3 of Article VII; therefore, on June 3, 1955, in keeping with the last sentence of Section 3 of Article VII, I issued my proclamation calling the Legislature into extraordinary session commencing on June 6, 1955, to consider the question of reapportionment. The Legislature convened in accordance with such proclamation, passed House Bill No. 4-X, which was approved by me on June 18, 1955, and delivered to the office of the Secretary of State on that date. Such House Bill No. 4 — X was designated Chapter 31378, Laws of Florida, Extraordinary Sessions, 1955-1956 and Section 10.03, Florida Statutes Annotated. Said Chapter 31378 reapportioned representation in the House of Representatives but did not reapportion representation in the Senate.
“Between July 23, 1956 and August 1, 1956 the Legislature was in special session for the consideration of matters not involving reapportionment.
“On April 2, 1957, the 1957 Regular Biennial Session of the Florida Legislature was convened and the same continued in session, after having extended itself for a period of eight days, until June 8, 1957. *415 Such session adjourned sine die at one o’clock, P.M. on the latter date.
“At none of the sessions aforesaid of the Florida Legislature was any reapportionment of representation in the Senate effected. During the 1957 session aforesaid, the Constitutional Amendments Committees of the Senate and the House of Representatives recommended to their respective branches of the Legislature the passage of various revisions of Articles of our State Constitution, including changes in the provisions of present Section 3 of Article VII. The Legislature adjourned, however, on June 8, 1957 without having reapportioned as required by present Section 3 of Article VII or proposing a revision of Article VII.
“Before adjournment on June 8, the Legislature adopted Senate Concurrent Resolution No. 1406, a copy of which is attached hereto. The preamble of such Resolution asserts that the members of the Senate and the House of Representatives are at variance with reference to many provisions of the proposed revision of the State Constitution and that the most efficient and time saving method of resolving such differences is with the aid of a joint committee of members of the two houses of the Legislature.
“It is anticipated that the report of this committee should be ready sometime during the early Fall of this year, and it is my desire, if progress has been made sufficiently to justify it, to reconvene the Legislature in special session sometime between the first part of September and December 1, 1957 to continue consideration of Constitutional revision. It is possible, of course, that as a consequence of the committee report, the Legislature will not only approve a revision of Section 3, Article VII, but also may thereby provide what could become actual legislative reapportionment upon the ratification of such Article; however, if such is not the case, I shall consider it my duty as Governor to again convene the Legislature in extraordinary session for the special purpose of reapportionment as now required by the Constitution.
“You will note that in the fourth sentence of present Section 3, Article VII, it is-provided that in the event the Legislature shall fail to reapportion the representation in the Legislature as required thereby, the Governor shall (within thirty days after the adjournment of the regular session),, call the Legislature together in extraordinary session to consider the question of reapportionment. In view of the situation reflected above, I do not think it is practical, and I should prefer not to impose on the State of Florida the expense of reconvening the Legislature at this time to consider reapportionment. Rather I would regard it as prudent to postpone the consideration of reapportionment pending the consideration of constitutional revision, as aforesaid.
“I, therefore, respectfully request of you pursuant to Section 13, Article IV of the Constitution an opinion in writing upon the following questions:
“1. In the event that I do not call the Legislature into extraordinary session within thirty days after the adjournment of the 1957 regular session of the Legislature for the purpose of reapportioning, may I,, after the expiration of such thirty-day period, lawfully convene the Legislature by call under Section 3 of Article VII of the Constitution for the sole purpose of reapportioning Senatorial representation?’
“2. If the answer to the foregoing is in the negative, may I lawfully issue such a call within the thirty-day period but for the convening of such a session in the Fall, say November 1, 1957?
“3. If such a call is made as contemplated by the preceding question, may such be retracted and cancelled by me before the Legislature convenes if it is determined that the necessity therefor no longer exists *416 because of action taken in the constitutional revision special session?
“Respectfully,
/s/ LeRoy Collins
Governor”
In answer to your question No. 1 you are advised that your constitutional authority to call the Legislature into extraordinary session under Section 3, Article VII of the Constitution expires thirty days after the adjournment of the regular session. Specifically, your authority to exercise the power granted by Section 3 of Article VII of the Constitution in the situation outlined in your letter will expire at one o’clock P.M. July 8, 1957. This limitation, of course, does not apply to your authority to call the Legislature into’ special session pursuant to the provisions of Section 8, Article IV of the Constitution.
Our answer to your question No. 2 is yes. Section 3, Article VII of the Constitution makes it your duty to issue the executive call during the thirty-day period following the regular session. The actual date of the convening of the extraordinary session must be stated by the call. The thirty-day period provided by the constitutional provision in question applies to the issuance of the call. The date of the convening of the Legislature pursuant to the call involves the exercise of executive discretion which in all instances should be governed by the necessities and exigencies of the occasion justifying the call. Once the call has been issued, however; the date fixed therein for the convening of the Legislature cannot be changed by you after the expiration of the thirty-day period within which the call must be issued.
Our answer to your question No. 3 is yes, provided the call is retracted or canceled before the Legislature convenes pursuant thereto. Justification for the exercise of the executive power to call the Legislature into special or extraordinary session is the existence of some impelling public necessity requiring legislative action. If the public necessity ceases to exist, the need for the legislative session likewise ceases to exist. It thereupon becomes the duty of the executive to avoid the expense of a legislative session by retracting the proclamation calling the Legislature into session.
Respectfully,
GLENN TERRELL Chief Justice
ELWYN THOMAS
FRANK HOBSON
B. K. ROBERTS
HARRIS DREW
CAMPBELL THORNAL
STEPHEN C. O’CONNELL Justices.